O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6562 AHM<br>CR 09-719 AHM | Date | January 15, 2013 |
|---|---|---|---|

| Title | JANIE MARIE PINEDO v. UNITED STATES OF AMERICA |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys NOT Present for Plaintiffs:     Attorneys NOT Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

The Court hereby DISMISSES as untimely Defendant Janie Marie Pinedo's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255.[1]

Pinedo was indicted on five charges including possession of narcotics, identity theft, and bank fraud.  She pled guilty to some of the charges. She went to trial, however, on a methamphetamine charge and was convicted by the jury.  On September 20, 2010, the Court sentenced Pinedo to 84 months' imprisonment and ordered her to pay $59,998.99 in restitution.  Pinedo did not appeal her convictions or sentence. On July 31, 2012, she filed the instant motion *pro se*, alleging ineffective assistance of counsel in the plea bargaining process.

A one-year statute of limitations applies to petitions filed under § 2255.  The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of law of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Dkt. 1.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6562 AHM<br>CR 09-719 AHM | Date | January 15, 2013 |
|---|---|---|---|
| Title | JANIE MARIE PINEDO v. UNITED STATES OF AMERICA | | |

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Because Pinedo did not appeal her conviction or sentence, her conviction became final when the time to file an appeal expired. *United States v. Colvin*, 204 F.3d 1221, 1224 (9th Cir. 2000) ("[A] judgment cannot be considered final as long as a defendant may appeal either the conviction of sentence."). A notice of appeal in a criminal case must be filed within fourteen days of the district court's entry of judgment. Fed. R. App. P. 4(b)(1)(A). This Court entered judgment on September 24, 2010, *see* 09-CR-00719-AHM (Dkt. 102), and thus her conviction became final on October 8, 2010.

Because her conviction became final well over a year before she filed her § 2255 petition on July 31, 2012, Pinedo's petition is untimely unless one of the alternative accrual dates in § 2255(f)(2)-(4) applies. Pinedo's submissions do not specifically reference these provisions, and she makes no allegations of impediments to filing or to newly discovered facts. She does, however, does argue that relief is warranted under a recent Supreme Court case, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), which was issued on March 12, 2012, along with its companion case *Missouri v. Frye*, 132 S. Ct. 1399 (2012). In *Lafler* and *Frye*, the Supreme Court ruled that an attorney's incorrect advice leading to the defendant's rejection of a favorable plea offer could form the basis of an ineffective assistance of counsel claim. If those cases announced a "new right ... made applicable to all cases on collateral review," Pinedo's July 31, 2012 petition would be timely.

Unfortunately for Pinedo, recent Ninth Circuit case law forecloses that argument. In *Buenrostro v. United States*, the Ninth Circuit held that neither *Lafler* nor *Frye* "decided a new rule of constitutional law." 697 F.3d 1137, 1140 (9th Cir. 2012). Rather than announcing a new right, the Circuit concluded, "[t]he Supreme Court in both cases merely applied the Sixth Amendment right to effective assistance of counsel according to

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6562 AHM<br>CR 09-719 AHM | Date | January 15, 2013 |
|---|---|---|---|
| Title | JANIE MARIE PINEDO v. UNITED STATES OF AMERICA | | |

the test articulated in *Strickland v. Washington*, 466 U.S. 668, 686 (1984)." *Buenrosto*, 697 F.3d at 1140; *see also id.* ("[*Lafler* and *Frye*] did not break new ground or impose a new obligation on the State or Federal government.").

The *Buenrostro* Court was tasked with deciding whether the petitioner could file a second or successive habeas petition under § 2255(h)(2). That provision is distinct from the provision governing the start of the one-year limitations period that is at issue in this case, but the two provisions employ very similar language. Under the provision construed in *Buenrostro*, a second or successive petition may be certified if it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." § 2255(h)(2). The subsection of § 2255 at issue in this case provides that the limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). While the provision in *Buenrostro* references a new constitutional "rule" and the provision applicable to this case references a newly recognized "right," this distinction does not appear to make any difference. Indeed, district courts within the Ninth Circuit have cited *Buenrostro* for the proposition that *Lafler* and *Frye* did not announce a new right for purposes of § 2255(f)(3). *See United States v. Mendoza*, 2012 WL 6061729 (S.D. Cal. Dec. 5, 2012); *Wright v. United States*, 2012 WL 5866419 (W.D. Wash. Nov. 19, 2012).

Accordingly, the Court concludes that the one-year statute of limitations began running when Pinedo's conviction became final on October 8, 2010. Pinedo has not argued that she entitled to tolling; nor has she alleged any facts that could support a claim for equitable tolling. Accordingly, because the limitations period expired nearly a year before she filed her petition, the Court DISMISSES the petition as untimely.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

_____ : _____

Initials of Preparer